UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. AUGUSTINE,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No.  2:19-cv-2484-EFB P<br><br><br><br>ORDER |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application to proceed in forma pauperis (ECF No. 9) which, viewed in conjunction with his prisoner trust fund account statement (ECF No. 5), makes the proper showing and is granted.  The petition (ECF No. 1), however, does not state a cognizable federal habeas claim and, for the reasons stated below, will be dismissed with leave to amend.

I.  Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

II.     Analysis

The court has reviewed the petition and cannot discern the nature of petitioner's claims. As an initial matter, petitioner's handwriting is extremely difficult to parse and the reader struggles to discern the content of each written line.  Additionally, the petition adheres to no obvious organizational structure.  At more than one hundred pages, the petition meanders, interspersing claims about denial of counsel (ECF No. 1 at 4) with claims regarding denial of appropriate medical care while incarcerated (*id.* at 10).  Various pages of contextless medical documents are included. *Id.* at 21-30.  In short, petitioner has not plead his claims in an intelligible way such that the court, or a future respondent, could reasonably be expected to grasp and evaluate them. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioners plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition should be summarily dismissed without ordering a responsive pleading). Accordingly, the petition is dismissed with leave to amend in order to afford petitioner an opportunity to correct these deficiencies.

III.    Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 9) is GRANTED; and

2. The petition (ECF No. 1) is dismissed with leave to file an amended petition within 30 days from the date of service of this order.  The amended petition must bear the docket number assigned to this case and be titled "Amended Petition." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

DATED:  April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE