UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. AUGUSTINE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | No.  2:19-cv-2484-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 23, 2020, the court dismissed petitioner's initial petition with leave to amend for want of intelligibility. ECF No. 10. Petitioner has filed an amended petition (ECF No. 17) which, after review, the court recommends be dismissed without prejudice.

　　　　I.　　　Legal Standards

　　　　The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

1

II.     <u>Analysis</u>

The amended petition, like its predecessor, suffers from the illegibility of petitioner's handwriting. Nevertheless, the court has discerned several separate claims in the petition. First, petitioner alleges that he was charged in a rules violation report ("RVR") with assault on another inmate. ECF No. 17 at 3-4. Then, in connection with the same incident, he was charged in state court with possession of a weapon. *Id.* at 1. Elsewhere, petitioner alleges that he was "falsely imprisoned" when correctional officials assigned him to administrative segregation prior to an adjudication of guilt with respect to the foregoing RVR. *Id.* at 9. Then, he alleges that he was denied access to the courts insofar as his law library access was curtailed and he was denied telephone contact with his counsel. *Id.* at 17, 20. Finally, he alleges that correctional officials deprived him of his legal and personal property. *Id.* at 23.

Three of petitioner's claims – those regarding his placement in administrative segregation, denial of access to the courts, and deprivation of property – fall outside the ambit of section 2254 insofar as none call into question the validity of any conviction. *See e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (a civil rights action under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody").

Petitioner's claims regarding his disciplinary conviction and state court charges are potentially cognizable, but he has not alleged that either has been properly exhausted as his burden requires. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(per curiam). Indeed, with respect to his state charges, he states that a date of judgement is "T.B.D." – presumably meaning "to be determined" and thus an indication that those proceedings are ongoing. ECF No. 17 at 1. And with respect to his disciplinary conviction, petitioner does not allege that he has undertaken any state procedures to challenge it. Moreover, even if both claims were exhausted and ready for federal presentation, it would be untenable for them to proceed jointly insofar as they concern separate convictions (assuming petitioner is eventually convicted in state court).

/////

In light of the foregoing and the fact that petitioner has already been afforded one opportunity to amend, the court recommends that his habeas claims be dismissed without prejudice.

III.     Conclusion

Accordingly, it is ORDERED that the Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that petitioner's claims be DISMISSED without prejudice for the reasons stated *supra* and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  September 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE